UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA PLAINTIFF

v. CRIMINAL NO. 3:25-CR-111-CRS

RHONDA HENDRICKS DEFENDANT

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by Kyle G. Bumgarner, United States Attorney for the Western District of Kentucky, and defendant, Rhonda Hendricks, and his attorney, Scott C. Cox, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with violations of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), 932(b)(1) and 932(c)(1). Defendant further acknowledges that the Indictment in this case seeks forfeiture of a Glock, model G22, .40 caliber pistol, bearing serial number BXAC272; a Glock, model G21 SF, .45 caliber pistol, bearing serial number CCPB176; a Century Arms/ Romarm Cugir, Micro Draco Russian Red, 7.62x39 millimeter caliber pistol, bearing serial number 24PMD-69196; an Anderson Manufacturing, model AM-15, 5.56 caliber pistol, bearing serial number 25022151; a Riley Defense, model RAK 47, 7.62x39 caliber rifle, bearing serial number B20909; five machine gun conversion devices, bearing no serial number; a Swift Link machine gun conversion device, bearing no serial number; and assorted ammunition; pursuant to Title 18, United States Code, Section 924(d), Title 26, United States Code, Sections 5872, and Title 28, United States Code, Section 2461, by reason of the offenses charged in Counts 1 – 6 of the Indictment.

2. Defendant has read the charges against her contained in the Indictment, and those charges have been fully explained to her by her attorney. Defendant fully understands the nature and elements of the crimes with which she has been charged.

3. Defendant will enter a voluntary plea of guilty to Counts 3, 4, 5 and 6 in this case. Defendant will plead guilty because she is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

**Counts 3 and 4**

On April 9, 2025, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, Rhonda Hendricks, did knowingly purchase a Glock, model G22, .40 caliber pistol, bearing serial number BXAC272, on behalf of Tristan Davis. Defendant Hendricks is codefendant Tristan Davis' mother. Thus, at the time she purchased the firearm on behalf of Tristan Davis, Defendant Hendricks knew or had reasonable cause to believe that Tristan Davis had been convicted of a felony.

During the purchase of this firearm, Defendant Hendricks indicated on ATF Form 4473 that she was the actual purchaser of the firearm, when in fact she knew she was purchasing the firearm on behalf of Tristan Davis. This fact was material to the lawfulness of such sale of the Glock, model G22, and was intended to and likely to deceive Everything Concealed Carry.

The Glock, model G22, .40 caliber pistol, bearing serial number BXAC272, was manufactured outside of the Commonwealth of Kentucky; hence, it travelled in and affected interstate commerce.

**Counts 5 and 6**

On June 16, 2025, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, Rhonda Hendricks, did knowingly purchase a Glock, model G21 SF, .45 caliber pistol, bearing serial number CCPB176; a Century Arms/ Romarm Cugir, model Micro Draco, 7.62x39 millimeter caliber pistol, bearing serial number 24PMD-69196; an Anderson Manufacturing, model AM-15, 5.56 caliber pistol, bearing serial number 25022151, on behalf of Tristan Davis. At the time she purchased the firearm on behalf of Tristan Davis, Defendant Hendricks knew or had reasonable cause to believe that Tristan Davis had been convicted of a felony.

During the purchase of this firearm, Defendant Hendricks indicated on ATF Form 4473 that she was the actual purchaser of the firearms, when in fact she knew she was purchasing the firearms on behalf of Tristan Davis. This fact was material to the lawfulness of such sale of the Glock, model G21 SF, .45 caliber pistol; the Century Arms/ Romarm Cugir, model Micro Draco, 7.62x39 millimeter caliber

pistol; and the Anderson Manufacturing, model AM-15, 5.56 caliber pistol, and was intended to and likely to deceive Alpha Guns Inc.

The Glock, model G21 SF, .45 caliber pistol; the Century Arms/ Romarm Cugir, model Micro Draco, 7.62x39 millimeter caliber pistol; and the Anderson Manufacturing, model AM-15, 5.56 caliber pistol, were manufactured outside of the Commonwealth of Kentucky or shipped in interstate commerce after their manufacture; hence, they travelled in and affected interstate commerce.

4. Defendant understands that the charges to which he will plead guilty carry the following potential penalties:

- **Counts 3 and 5:** Not more than 15 years imprisonment; up to a $250,000, and up to a 3-year term of supervised release (each count);
- **Counts 4 and 6:** Not more than 10 years imprisonment; up to a $250,000, and up to a 3-year term of supervised release (each count).

Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which she will plead guilty she may be ordered to forfeit a Glock, model G22, .40 caliber pistol, bearing serial number BXAC272; a Glock, model G21 SF, .45 caliber pistol, bearing serial number CCPB176; a Century Arms/ Romarm Cugir, Micro Draco Russian Red, 7.62x39 millimeter caliber pistol, bearing serial number 24PMD-69196; an Anderson Manufacturing, model AM-15, 5.56 caliber pistol, bearing serial number 25022151; a Riley Defense, model RAK 47, 7.62x39 caliber rifle, bearing serial number B20909; five machine gun conversion devices, bearing no serial number; a Swift Link machine gun conversion device, bearing no serial number; and assorted ammunition.

5. Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading

guilty. In addition, if she is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose her to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including her attorney or the U.S. District Court, can predict with certainty how her conviction may affect her immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that she will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that by pleading guilty, she surrenders certain rights set forth below. Defendant's attorney has explained those rights to her and the consequences of her waiver of those rights, including the following:

A. If defendant persists in a plea of not guilty to the charges against her, she has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict her unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant

would be able to confront those government witnesses and her attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on her own behalf. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

C. At a trial, defendant would have a privilege against self-incrimination and she could decline to testify, without any inference of guilt being drawn from her refusal to testify. If defendant desired to do so, she could testify in her own behalf.

8. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which she pleads guilty.

9. The defendant further understands that she may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

10. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $400 to the United States District Court Clerk's Office by the date of sentencing.

11. At the time of sentencing, the United States will

-recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law.

-recommend a fine at the lowest end of the applicable Guideline Range, to be due and payable on the date of sentencing.[1]

-recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw her plea.

-demand forfeiture of a Glock, model G22, .40 caliber pistol, bearing serial number BXAC272; a Glock, model G21 SF, .45 caliber pistol, bearing serial number CCPB176; a Century Arms/ Romarm Cugir, Micro Draco Russian Red, 7.62x39 millimeter caliber pistol, bearing serial number 24PMD-69196; an Anderson Manufacturing, model AM-15, 5.56 caliber pistol, bearing serial number 25022151; a Riley Defense, model RAK 47, 7.62x39 caliber rifle, bearing serial number B20909; five machine gun conversion devices, bearing no serial number; a Swift Link machine gun conversion device, bearing no serial number; and assorted ammunition.

12. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

A. The Applicable Offense Level should be determined as follows:

| | |
|---|---|
| §2K2.1(a)(6) | 14 |
| §2K2.1(b)(1)(A) | +2 |
| §2K2.1(b)(5)(B) | +2 |
| §2K2.1(b)(9) | -2 |
| §3E1.1(a)&(b) | -3 |
| **Total** | **13** |

B. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c).

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment/Information, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history.

C. The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

13. Defendant agrees to the following waivers of appellate and post-conviction rights:

A. The Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

B. The Defendant is aware of his right to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, Defendant knowingly and voluntarily waives any collateral attack argument; and

C. The defendant knowingly and voluntarily agrees to limit any motion for compassionate release for extraordinary and compelling reasons, pursuant to 18 U.S.C. §3582(c)(1)(A)(i), that the defendant may file in the future to the grounds listed in USSG §1B1.13(b)(1)-(5). The defendant knowingly and voluntarily waives the option to move for compassionate release based on any non-retroactive change in the law, including as provided for USSG §1B1.13(b)(6) ("Unusually Long Sentence").

14. Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment. Defendant further agrees to waive any double jeopardy

challenges that defendant may have to the charges in this Indictment based upon any pending or completed administrative or civil forfeiture actions.

15. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

16. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

17. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

19. Defendant agrees to forfeit and abandon any right to any and all evidence and

property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

20. The Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, following the change of plea the defendant may be detained pending sentencing.

21. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

22. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

23. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

KYLE G. BUMGARNER
United States Attorney

By:

Alicia P. Gomez
Assistant United States Attorney

06/10/2026
Date

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

Rhonda Hendricks
Defendant

6-10-26
Date

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

Scott C. Cox
Counsel for Defendant

6-10-26
Date

KGB:APG